# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

ROBERT ROSS, )
)
    Plaintiff, )
)
v. ) No. 4:19-CV-2971-SNLJ
)
CHARLES CARVER, et al., )
)
    Defendants. )

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Robert Ross, an inmate at the Jefferson City Correctional Center, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $7.77. Additionally, for the reasons discussed below, the Court will order plaintiff to submit an amended complaint.

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a copy of his certified inmate account statement. (ECF No. 3). A review of plaintiff's account indicates an average monthly deposit of $38.83 and an average monthly balance of $1.79. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $7.77, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against two correctional officers, Charles Carver and Zachery Phillips. His claims stem from an incident that occurred on March 18, 2010 while he was incarcerated at the Eastern Reception and Diagnostic Correctional Center ("ERDCC").

Plaintiff claims he was assaulted by Carver and Phillips after he reported himself to be suicidal. Plaintiff states Carver demanded him to wear wrist restraints and plaintiff complied. Carver then demanded plaintiff to "pull down [his] boxers." Plaintiff told Carver he did not feel comfortable being exposed in front of other inmates. Carver proceeded to "slam," "punch," and place plaintiff in a "chokehold." Phillips "assist[ed] in the assault by hitting [plaintiff]" while he "was on [the] floor restrained." Phillips and Carver demanded plaintiff to rise to his feet after a teether was placed on his restraints. Plaintiff admits to "wrongfully" spitting blood onto Carver

3

and Phillips in retaliation for their assault. Carver then "slammed [plaintiff's] face into the cell wall" causing plaintiff to fall unconscious.

Plaintiff seeks $350,000 in monetary relief and requests defendants be "suspended" and "demoted," "better training for all staff," and "body cameras for officers."

On February 18, 2020, plaintiff filed a "motion to retrieve evidence." (ECF. No. 11). Plaintiff seeks from the ERDCC video footage from his housing unit on the day of the incident, medical records, and photographs of his injuries taken after the alleged assault.

## Discussion

The complaint is silent as to whether defendants Carver and Phillips are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Defendants Carver and Phillips, correctional officers of the ERDCC, are employed by the State of Missouri. "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id. See also Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc) (§ 1983 suit cannot be brought against state agency), *cert. dismissed*, 529 U.S. 1001 (2000). Thus, plaintiff's claims against these named defendants in their "official capacities" cannot be sustained. *See e.g., Walker v. Owens*, 2015 WL 128069, at *2 (E.D. Mo. Jan. 8, 2015) (a suit against an employee of the ERDCC is a suit against the State of Missouri that must be

4

dismissed). As a result, the complaint is subject to dismissal for failure to state a claim upon which relief can be granted against Carver and Phillips in their official capacities.

## Instructions on Amending the Complaint

Because plaintiff is self-represented and in consideration of the serious nature of the allegations in the complaint, the Court declines to dismiss this case at this time. Instead, the Court will give plaintiff the opportunity to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on a Court-provided form, and the amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. **Plaintiff must also specify whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.**[1]

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell*, 909 F.2d at 1208. Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, plaintiff must not try to amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.

**Appointment of Counsel**

Plaintiff has also filed four motions to appoint counsel. (ECF. Nos. 6, 10, 12, and 13). In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case

if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. Although plaintiff has alleged serious claims, he has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court. The Court will therefore deny the motions without prejudice, and will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

### Discovery Motion

On February 18, 2020, plaintiff filed a "motion to retrieve evidence." (ECF. No. 11). Plaintiff seeks from the ERDCC video footage from his housing unit on the day of the incident, medical records, and photographs of his injuries taken after the alleged assault. Plaintiff has yet to file a complaint that survives initial review, the Clerk of the Court has not issued summons on any of the defendants, and a scheduling order has not been entered. Consequently, the motion will be denied because it is premature. *See* Fed. R. Civ. P. 26(d)(1). The Court notes, however, that defendants are required to preserve evidence in the anticipation of litigation.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $7.77 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint on a Court-provided form no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the Court shall mail to plaintiff two copies of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel (ECF Nos. 6, 10, 12, and 13) are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to retrieve evidence (ECF No. 11) is **DENIED** without prejudice.

8

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this _5th_ day of May, 2020.

                                              STEPHEN N. LIMBAUGH, JR.
                                              UNITED STATES DISTRICT JUDGE