UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT ROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-CV-2971-SNLJ |
| ) | |
| CHARLES CARVER and ZACHERY ) | |
| PHILLIPS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of self-represented plaintiff Robert Ross's amended complaint pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Court will direct the Clerk of Court to issue process on the amended complaint against defendants Charles Carver and Zachery Phillips in their individual capacities.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

1

experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint and Amended Complaint**

Plaintiff is a self-represented litigant currently incarcerated at Jefferson City Correctional Center. On November 4, 2019, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, naming correctional officers Charles Carver and Zachery Phillips as defendants. Plaintiff did not indicate whether he was suing defendants in their official or individual capacities. Along with the complaint, plaintiff also filed a motion for leave to proceed *in forma pauperis* and four motions to appoint counsel. (ECF Nos. 2, 6, 10, 12, 13).

In his initial complaint, plaintiff alleged that on March 18, 2019, while he was incarcerated at the Eastern Reception and Diagnostic Correctional Center, he was assaulted by Carver and Phillips after he reported himself to be suicidal. Plaintiff stated that Carver demanded him to wear

2

wrist restraints and plaintiff complied. Carver then directed plaintiff to "pull down [his] boxers." Plaintiff told Carver he did not feel comfortable being exposed in front of other inmates. Carver proceeded to "slam," "punch," and place plaintiff in a "chokehold." Phillips "assist[ed] in the assault by hitting [plaintiff]" while he "was on [the] floor restrained." Phillips and Carver demanded plaintiff to rise to his feet after a teether was placed on his restraints. Plaintiff admitted to "wrongfully" spitting blood onto Carver and Phillips in retaliation for their assault. Carver then "slammed [plaintiff's] face into the cell wall" causing plaintiff to fall unconscious. Plaintiff sought $350,000 in monetary relief and requested defendants be "suspended" and "demoted," "better training for all staff," and "body cameras for officers."

On May 5, 2020, the Court granted plaintiff *in forma pauperis* status, assessed an initial partial filing fee, denied his motions for appointment of counsel, and reviewed his complaint under 28 U.S.C. § 1915(e). (ECF No. 15). The Court found that plaintiff failed to specify the capacity in which defendants Carver and Phillips were being sued and, thus, his complaint was subject to dismissal for failure to state a claim upon which relief could be granted against Carver and Phillips in their official capacities. However, in consideration of the serious nature of the allegations in his complaint and plaintiff's self-represented status, the Court declined to dismiss his case until it was clear that plaintiff named the defendants in their proper capacities. The Court directed plaintiff to file an amended complaint to cure the pleading deficiencies but warned plaintiff that his amended complaint would again be reviewed under 28 U.S.C. § 1915(e).

On May 22, 2020, plaintiff filed his amended complaint pursuant to 42 U.S.C. § 1983 against Carver and Phillips in their individual capacities only. (ECF No. 16). Plaintiff asserts substantially similar factual allegations of excessive force as he made in his initial complaint and seeks the same relief.

3

## Discussion

Plaintiff's excessive force claims against defendants Carver and Phillips in their individual capacities are sufficient for purposes of initial review. Plaintiff states that he is a convicted and sentenced state prisoner. (ECF No. 16 at 2). As such, his excessive force claims are governed by the Eighth Amendment. *See Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014).

"'[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'" *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017). *See also Ward v. Smith*, 844 F.3d 717, 721 (8th Cir. 2016) ("Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, *i.e.*, they are using it maliciously and sadistically"). The factors to be considered in determining whether force was used in good faith include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Whitley*, 475 U.S. at 321.

There is no "significant injury" requirement, because "[o]therwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Hudson*, 503 U.S. 1 at 9. Nevertheless, the "Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (holding that the blows directed

4

at the plaintiff's mouth eyes, chest, and stomach, which caused bruises, swelling, loosened teeth, and a cracked dental plate, were not de minimis for Eighth Amendment purposes).

Here, plaintiff alleges Carver demanded him to wear wrist restraints and plaintiff complied. Plaintiff alleges that after he was placed in restraints, Carver told him to "drop [his] boxers." When plaintiff expressed discomfort at the request to be naked, Carver proceeded to "slam" him onto the floor, "punch" him in the mouth, and place him in a "chokehold." Phillips assisted in the assault by also punching plaintiff and kneeing him in the side. Plaintiff admits to "wrongfully" spitting blood on Carver and Phillips, but stated his reaction was a direct result of the unjustified assault. Plaintiff states he fell unconscious after Carver slammed his face into the cell wall. Plaintiff describes his injuries as a "busted mouth, split and swollen eye and bruised ribs."

At this stage on initial review, plaintiff's allegations must be accepted as true and viewed in a light most favorable to him. *See Dadd v. Anoka Cty.*, 827 F.3d 749, 754 (8th Cir. 2016). Therefore, the Court finds that plaintiff has stated a plausible claim for excessive use of force against defendants. Accordingly, the Clerk of Court will be directed to serve process upon defendants Charles Carver and Zachery Phillips in their individual capacities on plaintiff's claims of excessive force.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint as to defendants Charles Carver and Zachery Phillips in their individual capacities as to plaintiff's claims of excessive force. Defendants shall be served with process in accordance with the waiver agreement the Court maintains with the Missouri Attorney General's Office.

Dated this 28th day of May, 2020.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE