UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT ROSS, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 4:19-CV-2971-SNLJ<br>) |
| CHARLES CARVER, et al., | )<br>) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's fifth motion for appointment of counsel. (ECF No. 29). The motion will be denied without prejudice.

In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. On May 5, 2020, the Court granted plaintiff's motion to proceed *in*

*forma pauperis* and denied plaintiff's four motions for appointment of counsel. (ECF No. 15). On May 28, 2020, the Court reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e) and directed the Clerk of Court to issue process or cause process to issue on the complaint as to defendants Charles Carver and Zachery Phillips in their individual capacities as to plaintiff's claims of excessive force. (ECF No. 17). Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be unduly complex. Thus, the Court will deny plaintiff's fifth motion for appointment of counsel, but will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's fifth motion for appointment of counsel is **DENIED** without prejudice. (ECF No. 29).

Dated this 14th day of August, 2020.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE