# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROBERT ROSS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19-CV-2971-SNLJ ) |
| CHARLES CARVER and ZACHERY PHILLIPS, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the filing of a motion for preliminary injunction by self-represented plaintiff Robert Ross. ECF No. 32. For the reasons discussed below, the Court determines that the motion should be denied.

### Background

Plaintiff is a self-represented litigant currently incarcerated at Jefferson City Correctional Center ("JCCC"). On November 4, 2019, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, naming correctional officers Charles Carver and Zachery Phillips as defendants, for an alleged violation of his constitutional rights that occurred while he was housed at the Eastern Reception and Diagnostic Correctional Center ("ERDCC"). ECF No. 1. On May 5, 2020, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) and directed him to file an amended complaint to cure his pleading deficiencies. ECF No. 15. On May 22, 2020, plaintiff timely filed an amended complaint. ECF No. 16.

On May 28, 2020, the Court reviewed the amended complaint and directed the Clerk of Court to issue process on both defendants in their individual capacities for plaintiff's claims of excessive force. ECF No. 17. On August 5, 2020, the Missouri Attorney General's Office waived

service of process for defendant Carver but informed the Court it could not waive service of process as to defendant Phillips because he was no longer employed with the Missouri Department of Corrections. ECF No. 22. The Missouri Attorney General's Office filed, under seal, the last known address for defendant Phillips and summons was issued pursuant to this Court's August 6, 2020 Order. ECF No. 25. As of the date of this Order, the docket sheet reflects that the U.S. Marshals Office has yet to attempt execution of the summons.

## Motion for Injunction

Included with plaintiff's motion for injunctive relief are additional documents titled "Letter of Update Seeking Requsestment [sic] Due to Listed Case Carver @ Phillips v. Ross;" "Letter for a Motion for Injunction;" and "Legal Documentations and Verifications of Staffs Actions at JCCC which is Unprofessional." ECF No. 32. The Court has carefully reviewed each filing.

Within the Motion for Injunction and supporting letter, plaintiff states he "has been constantly harassed by [ERDCC] staff and "deprived of legal assistance and proper accesses." Plaintiff alleges the Case Manager at JCCC and Case Worker at ERDCC have been denying him his "legal mail, legal materials, and polic[ies]" while on suicide watch and after he was removed from administrative segregation. Plaintiff claims he has been filing Informal Resolution Requests ("IRRs") against two nurses, who are not defendants in this action, and takes issue with the ERDCC's lack of responses to his grievances. Plaintiff also alleges he has been "deprived of food." Plaintiff requests that this Court issue an order directing the "prisons to stop harassing [him]," to provide him with "all the proper legal assistance needed," and for his IRRs to be processed.

In the document titled "Letter of Update Seeking Requsestment [sic] Due to Listed Case Carver @ Phillips v. Ross," plaintiff seeks an update regarding service of defendant Phillips and

2

requests the Court to direct the "Attorney General to do a personal interview with [him] for discovery if needed."

In the document titled "Legal Documentations and Verifications of Staffs Actions at JCCC which is Unprofessional," plaintiff alleges ERDCC Case Manager, Jacqueline K. Peters, CCM, who is not a defendant in this action, "has been neglecting her duties as case manager" by failing to answer his "IRRs, due process issues, legal materials, and etc." Plaintiff states "offenders are being neglected because she's doing things not in her job scope or descriptions abusing authority always at suicide cells – instead of assisting [inmates] in [their] ligitable [sic] needs."

## Discussion

The Court construes plaintiff's Motion for Injunction and corresponding filings as a Motion for Preliminary Injunction. Rule 65(b) of the Federal Rules of Civil Procedure governs the issuance of injunctions and restraining orders. Pursuant thereto, the Court must look to the specific facts shown by affidavit(s) to determine whether immediate and irreparable injury, loss, or damage will result to the applicant. Fed. R. Civ. P. 65(b). In considering whether to grant preliminary injunctive relief, the Court must consider the following factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. *See Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981). In the prison context, a request for injunctive relief must always be viewed with great caution because "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520-21 (8th Cir. 1995) (citing *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). For an injunction to issue "a right must be violated," and the court must determine whether "a cognizable danger of future violation

3

exists and that danger must be more than a mere possibility." *Id.* Regarding the issue of when a situation is ripe for injunctive relief, the Eighth Circuit has noted that courts "should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate." *Id.*

"A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

In this case, there is no relationship between the injuries claimed in the motion and the conduct asserted in the amended complaint. Plaintiff's amended complaint alleges claims of excessive force against two JCCC correctional officers while plaintiff was housed at JCCC. The issues outlined in plaintiff's motion for preliminary injunction do not involve the named defendants in this action or their conduct. To the contrary, the instant motion challenges the alleged denial of his legal mail at ERDCC, the institution where he is currently incarcerated; a general lack of access to legal services at ERDCC; dissatisfaction with the job performance of an ERDCC Caseworker; and the delay of IRR responses at ERDCC for medical claims against two nurses unrelated to this action. Consequently, because the issues raised in the motion for preliminary injunction are not related to the excessive force claims asserted in his amended complaint, they cannot provide the basis for a preliminary injunction in this lawsuit and make it unlikely he will succeed on the merits.

As to plaintiff's claim that a JCCC Case Worker has denied him mail, such an allegation is moot. Plaintiff is currently incarcerated at ERDCC. When a prisoner has been transferred to a

new correctional facility, his claims for injunctive and declaratory relief against the previous institution are properly denied as moot. *See Gladson v. Iowa Department of Corrections*, 551 F.3d 825, 835 (8th Cir. 2009); *Pratt v. Correctional Corp. of America*, 267 Fed. Appx. 482 (8th Cir. 2008); *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999).

Additionally, having considered the facts as alleged by plaintiff in light of the *Dataphase* factors and the Eighth Circuit's guidance, the Court concludes that plaintiff has failed to demonstrate he is subject to irreparable harm. As to the allegations related to the denial of his legal mail, the Court's records indicate plaintiff was able to file a timely amended complaint in compliance with a Court Order, submit five motions for appointment of counsel, send a letter to the Court, and file the instant motion. Plaintiff does not identify what type of legal mail has been allegedly withheld, or of a missed deadline or specific resulting injury. Due to plaintiff's active participation in this litigation, it does not appear that this is a situation involving threat of irreparable harm and, on the basis of the present record, plaintiff cannot demonstrate a likelihood of success on the merits. Moreover, granting plaintiff's requested relief, without more, would harm the ability of the Missouri Department of Corrections to continue carrying out their day-to-day responsibilities in running the prison, including its handling of inmate IRRs and distributing mail to individuals on suicide watch or administrative segregation.

Lastly, as to plaintiff's request to be interviewed by the Missouri Attorney General's Office for discovery purposes, the Court will deny this request as premature. The Court has not yet entered a Case Management Order, and therefore, discovery has not yet commenced.

Because plaintiff has not submitted any evidence or put forward any allegations demonstrating that he is entitled to injunctive relief against the named defendants in this action, the motion for preliminary injunction will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Robert Ross's Motion for Preliminary Injunction (ECF No. 32) is **DENIED**, without prejudice.

Dated this 7th day of October, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE