# UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MISSOURI SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ROBERT ROSS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 4:19cv2971- SNL |
| | ) | |
| CHARLES CARVER and | ) | |
| ZACHARY PHILLIPS, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

In this 42 U.S.C. § 1983 suit, *pro se* plaintiff Robert Ross, a Missouri prisoner, claims that two correctional officers used excessive force against him. The officers, defendants Charles Carver and Zachary Phillips, separately move for summary judgment. Plaintiff has not filed a response, and the time to do has passed; instead, he has filed two largely duplicative motions for summary judgment, as well as motions for counsel and for discovery. Defendants move to strike plaintiff's summary judgment motions as untimely, or to construe them as a response to their summary judgment motions. Because plaintiff's summary judgment motions are untimely but were filed within the time to respond to the pending summary judgment motions, the Court will construe plaintiff's motions as his summary judgment response.

**I. Summary judgment standard**

Under Federal Rule of Civil Procedure 56(c), a district court may grant a motion

1

for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v.Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962).  The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988).  After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983).  The Court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).  However, the nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)).

**II.  Factual Background**

The following facts are undisputed.  Plaintiff has a history of feigning medical

2

emergencies and engaging in assaultive behavior towards prison staff.  At the time of the alleged excessive force, he was housed at Eastern Reception Diagnostic Correctional Center where defendants were correctional officers.

Specifically, on March 18, 2019, plaintiff was escorted to a one-man cell following a struggle with correctional staff who had been trying to cuff his legs to a restraint bench.  Once inside, he declared himself to be suicidal and banged his head against the cell door.  Defendants Carver and Phillips arrived on the scene, and Carver entered the cell while Phillips held a camera.  Carver ordered Ross, whose arms were restrained behind his back, to submit to a strip search.  The parties disagree as to what happened next, and in accordance with the above-cited summary judgment principles, the Court has resolved the evidentiary conflicts in favor of Ross based on his verified complaint and deposition.

Specifically, Ross disobeyed "several directives" to remove his boxer shorts, saying he was uncomfortable because he was in view of other inmates, and Carver issued "warnings."  He then slammed Ross to the floor, punched him in the mouth, and placed him in "some type of choke hold."  Phillips put down the camera he had been using to film the encounter and landed "a few punches and knees towards [Ross's] sides."  They demanded that Ross, by then naked, stand up as back-up officers arrived.  Carver and Phillips then tried to back Ross towards the door so they could exit the cell, and Ross spat blood at them.  At that point Carver "aggressively" slammed Ross's face "against" or "towards" the wall.  He then forced Ross towards the door, closed it, and removed the restraints.  Ross passed out.  He suffered a "busted" mouth, split and

3

swollen eye, and bruised ribs.  A nurse photographed his face and treated his injuries with glue and holding strips.  He was also given x-rays.

### III.  Excessive force standard

The Eighth Amendment forbids the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment.  *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992).  When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017).  *See also Ward v. Smith*, 844 F.3d 717, 721 (8th Cir. 2016) ("Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically").  The applicable factors include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted."  *Whitley v. Albers*, 475 U.S. 312, 321 (1986).  "Whether a situation justifies the use of force to maintain or restore discipline is a fact specific issue that turns on the circumstances of the individual case or the particular prison setting."  *Johnson v. Blaukat*, 453 F.3d 1108, 1113 (8th Cir. 2006) (internal quotation marks and quoted cases omitted).

### IV.  Discussion

To begin, defendants argue that the Court should grant them summary judgment, because Ross has failed to provide "evidence of specific material facts" that would demonstrate a genuine issue for trial.  [Doc. 77 at 5.]  However, "when a plaintiff fails

4

to respond adequately to a motion for summary judgment, a district court should not treat such a non-response as sufficient to dispose of the motion." *Lowry v. Powerscreen USB, Inc.*, 72 F.Supp.2d 1061, 1064 (E.D. Mo. 1999) (cited case omitted). Rather, the court should "examine those portions of the record properly before them and decide . . . whether the motion is well taken." *Id.*  Carver and Phillips also argue that they used force only in a good-faith effort to maintain discipline, and that Ross was the first to use force.  [Doc. 60, Doc. 67.]  Carver submits his affidavit, along with papers from the use-of-force investigation and disciplinary proceedings against Ross, as proof that Ross tried to headbutt him before Carver took him to the floor; that Ross bit Carver's hand, drawing blood, and refused to stop biting and struggling; and that Ross tried to horse kick Carver after he was stripped.  Under summary judgment principles, however, Carver's evidence does not trump the facts and reasonable inferences that find support in Ross's verified complaint and deposition.  Rather, Carver's evidence creates genuine issues as to what factually occurred before and during the incident.  Accordingly, the Court finds genuine issues of material fact on whether the officers used reasonable force to maintain order or whether they acted with excessive force.

In particular, a jury could reasonably conclude that Carver failed to act in good faith when he slammed Ross to the floor and punched and choked him, given that Ross's wrists were restrained and he had not physically resisted the removal of his boxer shorts.  A jury might also conclude Phillips did not act in good faith to maintain order when he kicked Ross, because Carver had Ross on the floor in a chokehold. Slamming Ross's face to the wall after he spat blood is a closer question, because blood

5

is a biological hazard. Yet, viewing the record as a whole, the Court is unable to conclude that no genuine factual issues exist on the reasonableness of the officers' use of force against Ross in his cell.

Relatedly, defendants argue they are entitled to qualified immunity. Courts apply a two-part test in assessing a government official's claim of qualified immunity, asking whether the plaintiff has demonstrated a violation of a constitutional right and whether that right was clearly established at the time of the violation. *Williams v. Jackson*, 600 F.3d 1007, 1012 (8th Cir. 2010). "[T]he Supreme Court has repeatedly instructed that clearly established law . . . must be particularized to the facts of the case." *Boudoin v. Harsson*, 962 F.3d 1034, 1039 (8th Cir. 2020) (internal quotation marks and quoted cases omitted). The Court finds that it was clearly established at the time of the complained-of events that an inmate had an Eighth Amendment right to be protected against the type of force supported by Ross's evidence. Accordingly, defendants are not entitled to qualified immunity in these summary judgment proceedings.

## V. Motions for counsel and discovery

Ross moves for appointment of counsel, or for defendants to provide him "proper access to evidence." He complains that the record does not include, among other things, pictures of his face and of the blood left on the cell wall after the incident; the videotape of the struggle inside his cell; a videotape of the nurse treating his injuries after the incident, and of Ross being escorted for x-rays; the x-rays of his ribs; and statements from inmate and staff witnesses that were considered during the disciplinary proceedings against him. [Doc. 75 at 9; Doc. 76 at 9-10.] He argues that he needs

6

counsel to obtain the foregoing evidence. Ross also seeks leave to interview multiple witnesses. Given the factual issues presented, the Court will appoint counsel, who can address Ross's concerns about the evidence.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' joint motion [Doc. 77] to strike plaintiff's motion for summary judgment [Doc. 75] is **GRANTED** to the extent that the Court will construe plaintiff's motion as his response to defendants' motions for summary judgment.

**IT IS FURTHER ORDERED** that defendants' separate motions for summary judgment [Doc. 59; Doc. 66] are **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel [Doc. 78; Doc. 81] are **GRANTED**, and that defendants shall grant appointed counsel access to all discovery materials related to this case including use-of-force investigation and prisoner-discipline material; videotapes; and relevant photographs and medical records.

**IT IS FURTHER ORDERED** that plaintiff's remaining pro se motions for discovery are **DENIED** as moot.

Dated this 10th day of May, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE